956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teodoro GOMEZ-ALANIZ, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teodoro Gomez-Alaniz, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal from an immigration judge's ("IJ") decision, in absentia, finding Gomez-Alaniz deportable as charged. The BIA affirmed the IJ's order of deportation and dismissed Gomez-Alaniz's appeal because Gomez-Alaniz failed to appear for his deportation hearing, despite receiving notice, and failed to file a motion to reopen the proceedings to establish reasonable cause for his absence or to submit any evidence to support his contention that the court interpreter at his previous hearing told him the wrong date to appear. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Gomez-Alaniz filed neither a motion to reopen nor a motion to remand the proceedings with the BIA. Nevertheless, Gomez-Alaniz argues that his failure to understand the correct date of his deportation hearing as conveyed to him by the court interpreter, was a "valid reason" for his absence, and that the BIA erred by not remanding the case to allow him to establish reasonable cause for this absence.
 
 
 4
 We review for abuse of discretion the BIA's failure to remand a case to the IJ. See INS v. Abudu, 485 U.S. 94, 105, 107 (1988).
 
 
 5
 The requirements to remand a case are the same as those to reopen a case. See Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987). A motion to reopen the proceedings to allow the alien an opportunity to apply for any form of discretionary relief shall not be granted "if it appears that the aliens right to apply for such relief was fully explained to him and an opportunity to apply therefor was afforded him at the former hearing unless the relief is sought on the basis of circumstances which have arisen subsequent to the hearing." 8 C.F.R. § 3.2. Generally, if the cause of the alien's failure to appear relates to facts not before the IJ at the time of his decision, the petitioner may petition to have the case reopened. Matter of Haim, Interim Decision 3060 (BIA 1988). To accomplish this, the petitioner must support the new facts by affidavits or other evidence. 8 C.F.R. § 103.5; INS v. Wang, 450 U.S. 139, 141 (1981).
 
 
 6
 Here, the record supports the BIA's conclusion that Gomez-Alaniz was given notice and an opportunity to contest the order to show cause. Specifically, the transcript indicates that the IJ told Gomez-Alaniz of the hearing date and that Gomez-Alaniz acknowledged that he understood. In his notice of appeal to the BIA, however, Gomez-Alaniz gave the following reason for the appeal: "I was told the wrong date by the court interpreter. I appeared before the court when I was told but my case had been decided several days before. I was imprisoned by the Sandanistas because of my political beliefs." The BIA found these statements to be "conclusory and completely unsubstantiated by evidence or affidavit." We agree. Moreover, although the notice of appeal stated that a separate written brief or statement would also be filed, none was filed. See Toquero v. INS, No. 90-70439, slip op. at 1003 (9th Cir. Jan. 31, 1992). On this record, we cannot say that the BIA abused its discretion by dismissing Gomez-Alaniz's appeal.
 
 
 7
 Gomez-Alaniz has submitted a declaration attached to his opening brief before this court stating that he misunderstood or was misinformed as to the hearing date by the court interpreter. In light of this declaration, we stay the mandate for thirty days to allow Gomez-Alaniz the opportunity to file a motion to reopen. If a motion to reopen is filed, the mandate will be stayed for such time as is necessary for the disposition of the motion. Furthermore, within fourteen days of the expiration of the thirty-day stay, the parties, either jointly or separately, shall file status reports. If the petitioner fails to comply, the mandate will issue without further notice.
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3